UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

LAMAR BERNARD BURNO,

        Petitioner,

v.                                      Case No.:    5:25-cv-487-SPC-PRL

SECRETARY, DEPARTMENT OF CORRECTIONS,

        Respondent.
_____/

**OPINION AND ORDER**

      Petitioner Lamar Bernard Burno initiated this action by filing a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, challenging his 2014 criminal conviction in Lake County, Florida for which he was sentenced to a two-year term of probation following a negotiated plea. (Doc. 1). The Court ordered Burno to show cause why this action should not be dismissed for lack of jurisdiction because it appeared Burno was not in custody. (Doc. 3). Burno responded, stating that although his probationary sentence expired in 2016, he "continues to suffer ongoing collateral consequences of the conviction" and the Court should reach the merits of his petition. (Doc. 4 at 3). He further asserts that he is entitled to equitable tolling, he is actually innocent, and

ineffective assistance of his counsel should excuse any procedural default. (*Id.* at 5).

To bring a habeas action, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); *see also* 28 U.S.C. § 2254(a) (Federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). Thus, the petitioner is required to be "in custody" under the conviction or sentence he seeks to attack at the time his petition is filed. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968); *see also Patel v. U.S. Atty. Gen.*, 334 F.3d 1259, 1263 (11th Cir. 2003) ("'Custody' is determined as of the time of the filing of the petition.") (citation omitted). The Supreme Court has stressed that—although the phrase "in custody" is construed broadly—a habeas petitioner cannot satisfy that requirement if he "suffers no present restraint from" the conviction he seeks to challenge. *Garlotte v. Fordice*, 515 U.S. 39, 45 (1995). When a prisoner's sentence has fully expired, he is not "in custody" as required by §§ 2241 and 2254, and "the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng v. Cook*, 490 U.S. 488, 491–92 (1989).

Here, it is undisputed that Burno's probationary sentence expired in 2016. His petition is dated July 30, 2025. (Doc. 1 at 4). Therefore, he is no longer considered in custody. Although Burno contends he continues to suffer collateral consequences from his conviction, that is not sufficient to consider him in custody. Accordingly, the Court lacks jurisdiction over Burno's petition. *See Maleng*, 490 U.S. at 491–92. And because the Court lacks jurisdiction, it need not address any merits-related matters such as Burno's purported actual innocence or whether equitable tolling applies. *See Clements v. Fla.*, 59 F.4th 1204, 1209 (11th Cir.) ("The 'in custody' requirement of § 2254(a) is jurisdictional, so we must address it first and before any merits-related matters like the applicable statute of limitations."); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) ("Section 2244 is a statute of limitations, not a jurisdictional bar.").

Accordingly, it is now

**ORDERED:**

1. This above-captioned action is **DISMISSED without prejudice for lack of jurisdiction.**

2. Because this action is dismissed for lack of jurisdiction, a Certificate of Appealability is not required. *See Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004).

3. The Clerk is **DIRECTED** to enter judgment, terminate any pending motions and deadlines, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on September 10, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA:   OCAP-2
Copies: Petitioner